The final case for argument this morning is Francis Enyart v. County of San Bernardino. Counsel, it appears you're ready. Please proceed. Good morning. May it please the Court, Nadia Sarkis on behalf of San Bernardino County. I'd like to reserve four minutes for rebuttal. I think this case, in many ways, is the epitome of a lot that has gone awry in Mon-El jurisprudence. It seems to be the subject of the morning. You'll have to speak up a little bit louder, please. Yes, thanks for telling me. Here, there is no dispute that the county had lots of policies and practices in place to detect and treat detainees who were at risk of alcohol withdrawal symptoms. Arresting officers were trained to share information that they learned about that risk for the people they took into custody. The county also had robust policies in place to guide medical staff to diagnose and treat this condition. County nurses and doctors also were highly skilled and had their own ability to independently assess this risk, and they did so, but they concluded that William Enyart was not at risk of dangerous alcohol withdrawal symptoms. That turned out to be a mistaken assessment, and there is a whole confluence of unique and idiosyncratic events that ended up leading to Enyart's tragic death, not least of which was Enyart's decision to exercise his own constitutional right to refuse the medical care that was offered to him. Enyart's family members sued the county, but they don't blame the county's medical staff for Enyart's death. Plaintiffs did try to blame the arresting officers, but the jury found that they did not do anything wrong. The jury also found that the staff members who answered phone calls from Enyart's parents did nothing wrong. They did not act with negligence, and they did not act with, sort of, violate Enyart's constitutional rights by failing to pass on health information. So, Counsel, you're leading with your merits argument, but could you discuss the Rule 50A issue and that? Yes. I don't see that an actual Rule 50A motion was made before the district court, and that the motion was made after the verdict was returned. I'm happy to address the 50A issue. So, there was a 50A motion that was filed pursuant to the court's scheduling order. After the verdict was returned. It was after the verdict. I agree with that. Yes, so you're relying on the discussion, the colloquy between the district judge and the counsel to say that there was a scheduling order that obviated the requirement to make a motion before the verdict was returned. Right. The district court made the decision and set the, sort of, order of events and induced the parties to follow this schedule. So... Well, there's a couple of issues with that statement, but assuming that were true, doesn't Rule 83B preclude the district court from overriding the requirements of a rule to say, Rule 50A doesn't apply, even though we have all sorts of case law about why it applies and how important it is and how it's strictly applied, that the district court could disregard Rule 50A because Rule 58, excuse me, 83B says a judge may regulate practice in any manner consistent with federal law and rules adopted under 28 U.S.C. Section 2072 and 2075 and the district court's local rules. In other words, the district court has to comply with the rules and the law. So even if your characterization of what occurred at that colloquy is correct, how did the district court have authority to disregard Rule 50A? The district court made a factual finding that there was no waiver on this record and there is a whole line of appellate authority that says in circumstances like this that there is no waiver. So you're relying on C.B. v. City of Sonora and Reeves v. Toucher, I assume, what you call the line. Those are two of the Ninth Circuit decisions. Right, and in both of those cases the parties attempted to make the motion and they were cut off and the court said it was an inartful attempt or it was an attempt and so we're going to construe it as they made the motion. The district court prevented them from making the motion. But I don't think that that's what happened here. The district court said, we can go to exactly what the district court said, but they didn't try to make a motion and were cut off and stopped. They didn't try to make a motion at all. He said, I want to make sure you all have the right to make your motion. Crickets.  They didn't make a motion. And then he said his scheduling order. Right, before anyone could get a word in edgewise. Before they could get a word in edgewise? Really? That is what happened. We have the transcript, right? So he said, I want to make sure you preserve your right. Let's set the schedule. And then issued a letter. And then they went on. Nobody said anything. And they went on to talk about other things, jury instructions, I believe. So counsel chose at that point not to say, Your Honor, just for the record, we'd like to preserve a motion to Rule 50A and then we'll brief it, you know, later if you're giving us additional time to file an actual motion as opposed to an oral motion. That didn't happen. So it seems that C.B. and Reeves are not on point. They're not applicable or they don't really help you in this factual pattern. So I would say that you can draw the – I understand the lines that you're drawing. But I do think whether there was a waiver here is a factual question. And it can be clearly erroneous. Right. But I don't think it was here. Well, I understand that's your position, and I'm pressing you on this to explain. Your explanation is this is what the transcript says, and it unfolded so quickly we were not permitted to make the motion. So appellate courts have repeatedly said that when the court expressly reserves the parties' rights to make a motion that the parties have the right to rely on that. And so you're saying that – Well, tell me what – has the Ninth Circuit said that? And can you give me a citation? Because I think the cases you cite do not say that. They talk about when the parties, even if it's an artful, if they at least make the attempt and they're cut off and the district court prevents them from making the motion, which is not what happened here. This is a – your briefs make a different argument that there was a reliance on some scheduling discussion. Well, I actually want to point out a U.S. Supreme Court opinion that I think is helpful. And that is Exxon Shipping Company v. Baker, 554 U.S. 487 Note 6. And it says that appellate courts should defer to a district court's sensible efforts to impose order upon the issues in play and the progress of trial. And the reason for procedural rules is not to make litigation a game with arbitrary rules to test the skill of the players. Right, and so there's also Rule 83 that says the district court has to comply with the rules and the law, and the authority discussing Rule 50, that the very reason for it is to avoid gamesmanship. So you don't wait until after you get the verdict and then decide if you're going to make that motion so that you don't impinge – the district court doesn't impinge on the jury's fact-finding and there's no gamesmanship. I mean, the case law is very clear that that's what Rule 50A is about. Right, but I don't think that's what happened here. I think that the gamesmanship is not by the county. Well, the plaintiffs were supposed to make a Rule 50 motion? I mean, I don't know how you can pin gamesmanship on them. I don't know if it was intentional, but the motion wasn't made. So maybe it was just negligent, but it didn't happen, and I'm discussing the purpose of the rule, and you're citing to me a Supreme Court decision about some generalities about gamesmanship and district courts managing the courtrooms. Of course, that's all true. Right, but it's beyond dispute that there are many circumstances under which a 50A motion is not brought pre-verdict and is not deemed waived if someone loses all of their appellate rights. I don't think that's true. I think what you're discussing, there's limited cases where there has been what's construed as an attempt, where there's been a liberal construction of what occurred. It was an attempt to make the motion, not that it just wasn't made, and we say that's okay. I mean, there are lots of rules that appear draconian and harsh. You miss the deadline for filing a notice of appeal. It's jurisdictional. And even if the district court had said to you an erroneous deadline, it's still a problem, right? I mean, I just don't think you can rely on that colloquy to say that we were obviated of any responsibility to make that motion, and then we now want to make it later. So, I mean, I went through all of the cases cited by the other side. I cited to several other authorities that support our position. I understand you do not seem to be persuaded by those. I respectfully disagree, and I think that this appeal should be decided on the merits. Well, even on the merits, you have issues with respect to the failure to cross-examine their expert on the policy issue, the failure to object to that testimony. I mean, there are other things that happened in this trial that ---- Right, but our appeal doesn't turn on that. We're accepting that testimony as true and all reasonable inferences that can be derived from it. Well, you're arguing that essentially there wasn't notice that this had not happened before, and the plaintiff's theory and argument was that through their expert they established that this was such an obvious danger that it falls within the exception that there can still be liability, even if there hadn't been a previous death. Like basically you don't get one free death, and you dispute that and maybe could have done a persuasive rebuttal of that evidence by cross-examining their expert on that or objecting to that or presenting contrary evidence, but none of that happened. Based on the evidence that is on the record, there is no viable Monell claim, and I can go through that. So I understand that there's ---- May I interrupt you for a second? A moment ago you said that the issue of waiver should be decided based on the facts of the case. It's a factual determination. Are you asking for a remand so that a factual determination can be made as to whether the extension of time to file the motion was justified? I think the district court already made the factual determination because plaintiffs argued waiver up and down repeatedly, and the district court determined that there was no waiver based on the court's own conduct. You've answered my question. Thank you. I'm happy to go through this concept of single-incident Monell liability and why it doesn't work here. The jury found the county, as an institution, liable for failing to have the specific communication policy that required employees who act as receptionists and have no interaction with inmates, that they have to relay health information from inmates' family members. I don't think that's a tenable Monell claim for lots of reasons. Monell is supposed to have a very stringent standard. There was not any evidence whatsoever that anyone in the county in custody had ever suffered a similar harm because of this type of policy or mission or lack of training. There was also not any evidence whatsoever in the record that the county knew that receptionists would obtain critical medical information that the medical staff would not have otherwise learned or acted on. At most, plaintiffs, with the benefit of 20-20 hindsight, identified a narrow policy gap that they think the county might have anticipated in order to avoid an isolated event. That's not deliberate indifference to a known risk. That would turn Monell liability on its head. I also don't think it's a novel conclusion to say that. I won't retread our briefs, but there is substantial Supreme Court and Ninth Circuit authority that supports our position. Brian Case, Canton, Tuttle, Connick, and the Ninth Circuit, Gordon, Bell, Trevino, Benavidez all support that. I also do want to talk about the regulations for a few minutes. Obviously, I'm running low on time. This is very different than the Castro case. The district court's rationale for upholding the verdict was that the regulations were not obviously inconsistent with the communication policy that plaintiffs wanted. That's not correct, and it's not really the right framework. And plaintiffs argue that these regulations implicitly require the county to anticipate a need for this type of communication policy. That doesn't work either. That's not what Castro sort of allows for in terms of single incident liability. Castro says that plaintiffs can sometimes establish deliberate indifference even without a pattern of prior incidents if the municipality affirmatively adopts an ordinance that explicitly acknowledges the very type of harm that a plaintiff suffers and then fails to follow that policy. That's nothing like this case. I'll reserve the last minute I have. Thank you. I'll give you a couple of minutes on rebuttal. Good morning, Your Honors. May it please the Court. My name is Grace Chun. I have the privilege of representing the plaintiffs in this case. With me are my co-counsel, Joe McMullen and Danny Pena. The plaintiffs, the mother and sister of William Enyart, the decedent, are present before the Court as well. I would like to start with a Seventh Circuit case. While I was preparing last night, I came upon a recently published Seventh Circuit case that is exactly on point about the issue of waiver and forfeiture with respect to Rule 50A. That case is called Ziccarelli v. Dart, 142, F, 4th, 477, 2025. It was issued on June 30th of this year after the briefing was done. And Ziccarelli, I believe, is incredibly helpful because it addresses the argument that the defendants make in this case, which is that they were induced by the district court not to file a timely Rule 50A motion before the matter was submitted to the jury. The Seventh Circuit and Ziccarelli rejected that argument. What happened in Ziccarelli is that the defense counsel attempted to make a Rule 50A motion at the close of evidence. The district, and she asked, she queried, should it be at sidebar or in front of the jury? And the district court said, I've taken your motion under advisement. And so no other Rule 50A motion was made. Subsequently, there was a Rule 50B motion that was renewed. But wait a minute, counsel. That case is quite different from the cases that we're dealing with here. I mean, to take the motion under advisement doesn't say anything like what Judge Klausner said in this case, which was file your motion next Monday on a Thursday. So thank you for the citation. Let's continue with your argument. Yes, Your Honor. I would then continue on to the authority cited by the defendants in this case. And respectfully, Your Honor, if I may clarify, it was not that the district court ever prevented any attorney or counsel from making the initial Rule 50A motion. The court actually said, I'll let you make these motions now. But then I'll set the schedule. And so there was no attempt to even prevent anyone from making a motion. There was no one even initially made a motion. I would say, turning to the authority cited by the defendants in this case, citing to Ninth Circuit cases, the defendants cite to C.B. v. City of Sonora, which I will refer to as Sonora, the defendants actually cited to footnote 5 of a vacated three-judge panel opinion. So in the vacated opinion, footnote 5 indicated that the district court properly considered this consolidated Rule 50A and Rule 50B motion. That opinion was subsequently vacated by the court en banc. When the court en banc heard Sonora, that footnote 5 never carried over. In fact, what happened was in footnote 12, the en banc court stated that it would consider the Rule 50B motion and the arguments therein because the plaintiff had never objected in the district court below. So the situation here, though, is that the district court did set a schedule for filing motions. So it seems unfair to penalize the county for following that schedule. How would you respond to that? Your Honor, I think the very point of Rule 50A, if you read the 1991 Advisory Committee notes, which is actually when Rule 50A implemented the rule that a motion for judgment as a matter of law, a 50A motion, must be made before the close of evidence, and it must specify the basis for the judgment and specify the law and facts in support of that judgment. It has always been viewed, in fact, by both this court and the Advisory Committee notes, the purpose of that rule is to give notice and an opportunity to cure any defects in the evidence. In other words, it's intended to make sure that problems get solved at the district court level so that it doesn't consume additional litigation and court resources and time. But if the district court erred by suggesting that this motion could be made later, again, it gets back to the same question. Why should the county be penalized for the district court's error? I do not think the error was by the district court. There was, as the court noted, an opportunity for the county to make such a motion, but there was crickets after the court said, I understand that some of you may want to file a judgment as a matter of law. In fact, that colloquy happened at the end of the day, so subsequently there was certainly nothing preventing the county of San Bernardino from filing a Rule 50A motion simply or giving notice through PACER, e-filing something. But that didn't happen. At no point did they make any attempt to file a Rule 50A motion. Would it have been sufficient if the defendant had said, I'd like to make a Rule 50A motion, and the judge then just says, okay, I'm setting a schedule, and it can be Monday. Would that have been sufficient if they just said, I'd like to make a Rule 50A motion, and the judge then issues the scheduling order as it actually did? No, Your Honor. In accordance with the plain language of Rule 50A, which is strictly construed as this court has previously held, the basis for the motion for judgment as a matter of law must be specified and the facts and law therein. Now, if there had been some more basic evidence given, I'm going to make a Rule 50A motion, and the basis is qualified immunity, or there isn't sufficient. And the judge says, okay, I understand. I'll listen to it. Just file your brief next Monday in that situation. Would that have been sufficient? I think that the Rule 50A, so long as the plain language of Rule 50A is satisfied, there is specification, a citation, even briefly, to the laws and fact, that's good enough, and 50A would be satisfied, Your Honor, yes. I'm thinking, wouldn't it be more like some of the other cases that the defendant has cited where the judge prevents them from fully making the motion? It says, I want to make a Rule 50A motion, and the judge says, okay, well, I'll just brief it later. Unfortunately, it's after the verdict. But in that case, wouldn't it fit in those type of situations where we've kind of carved an exception or where you kind of try to make a 50A motion but the judge precludes you from fully doing so? Your Honor, I do not think the Ninth Circuit has ever carved such an exception. Certainly, they did not in Tort 2. I believe that the Seventh Circuit squarely addressed that issue. What happens if a party relies on a statement by the district court such as, okay, your motion is taken under advisement, but there is no specification of the grounds or the law or the reasoning? In that situation, what the Seventh Circuit said in Ziccarelli was that it is still incumbent upon the party to follow all procedural rules. And this is what the Seventh Circuit said. There are plenty of circumstances in which lawyers must comply with procedural requirements to preserve arguments for later in the trial or appellate review, even when a district judge may express impatience or resistance to hearing the argument. Counsel, have you considered the case of Reeves v. Toshier? Yes, Your Honor, I have. Oh, I'm so sorry. In that case, as I remember, as I see in my notes here, the defendants attempted to move for a directed verdict after all the evidence was in, but the court interrupted and told them to renew the motion after the verdict, and they did so. The Ninth Circuit said that the motion was properly made. Yes, Your Honor, and I would note that Reeves was a 1989 case.  It was subsequently the Rule 50A was amended in 1991. And if you look at this amendment in 1991, it is the amendment that required specification for the basis of the judgment and specification of the laws in fact in support of the motion for judgment as a matter of law. So to the extent that Reeves is contrary to the plain language of Rule 50A as it now stands, I believe that has been superseded by the subsequent 1991 amendment to Rule 50. And in fact, I'm not sure that the language in Reeves, that an ambiguous statement can satisfy the dictates of Rule 50A as it now stands because of that requirement of specification of the basis for the JMOL. But even if it could, that didn't happen here. That's exactly right, Your Honor. Regardless, when we look at the facts of this case, what we are presented with is absolute silence. At no point did anyone, at no point did the County of San Bernardino say before the matter was submitted to the jury, hey judge, I understand your position respectfully, Your Honor, if I may just give you a brief specification for the basis of the Rule 50A motion. In fact, nobody... And the purpose of that would be to allow the plaintiff to reopen if evidence was lacking. That's right, Your Honor, which is especially implicated here because what we have is a sufficiency of the evidence challenge posed by the County of San Bernardino. So if this motion had been timely made, certainly plaintiffs, the purpose of the Rule 50A requirement of specificity and notice would have been satisfied. Certainly, plaintiff would have been able to address any deficiency in the evidence and then the matter could have been submitted to the jury. But again, plaintiffs were deprived of the very purpose and essence of the Rule 50A specificity and notice requirement. And I would further note, Your Honors, when you look at the 1991 Advisory Committee notes, the Advisory Committee states that the purpose of that amendment to require specification of the basis and specification of the law was to prevent situations where district courts were finding mechanisms and ways to allow untimely motions for a directed verdict and then subsequent motions for judgments notwithstanding the verdict. And that commentary is in the 1991 Advisory Committee notes. I would also note, Your Honors, that even if you can find some way of getting past the Rule 50A issue, we now have a Rule 50B issue. And what I mean by that is if you look at the record, what you see is that at ER 110, what the county did is after the close of evidence, after the jury rendered its verdict, at ER 110, the county submitted its first, its Rule 50A initial motion for JMOL. But what the county actually called it is a combined Rule 50A and B motion. Now, this combined Rule 50A and B motion is the motion they made where they said that the plaintiff's Monell claim must fail as a matter of law because there was no evidence of a pattern of previous incidences. The argument that the county made in its initial motion at ER 110, its initial Rule 50A JMOL motion, was not about a sufficiency of the evidence. It was not about whether Title 15 could suffice. It was simply that as a matter of law, plaintiff's Monell claim failed because there was no showing of a pattern of previous incidences, and that was required for any Monell claim. That was the only argument that the county itself said was a combined Rule 50A and B motion. So when did they raise the sufficiency of the evidence argument? That is something that they have now raised mostly on appeal, Your Honor. So in the quote-unquote Rule 50B motion, there was now another shifting of the argument. At that point, they started to discuss Title 15. And as the county even concedes in its reply brief, that discussion of Title 15 was in response to the district court's statement that there was enough evidence to support the Monell claim and Title 15 could be a basis for deliberate indifference. So they themselves did not affirmatively raise the issue as a basis either in any quote-unquote 50A, 50B combined motion. That was simply in response to what the district court was saying. Again, that violates the very purpose of Rule 50B. Rule 50B is supposed to be a renewed motion that is based on the grounds, the argument, and the rationale in the 50A motion. So, again, we have a shifting of the argument and new arguments that are being presented. I would further note, Your Honors, that at this point also another issue that we have is this is a consolidated appeal. There was an appeal by the county on the court's order of attorney's fees. Apparently, the county has now abandoned that argument because it raised no argument about the order on attorney's fees in its opening brief. Plaintiffs raised the issue in its answering brief, noting that there was no argument about that. And in its reply brief, the county didn't even address that. So I do believe that any challenge to the order of attorney's fees is now abandoned. But going back to the forfeiture argument, obviously the court is well aware from the Go Daddy case and the Yeti case that what applies if a party does not make a sufficient Rule 50B motion, in other words, they're bringing, oh, I'm so sorry. Yes, sir. Let me take you back to the argument. Was the evidence of knowledge by the county sufficient to establish deliberate indifference here? Yes, Your Honor. Viewing the verdict in the, excuse me, viewing the evidence in the light most favorable to the verdict, yes, Your Honor. And that was the testimony of plaintiff's expert, Roger Clark, who said that there are portions of Title 15 and Title 24 that require a policy to be in place for the transmission of information regarding a detainee's condition through the facility and through the jail. That I would say, and of course the county has now conceded that it is not challenging the correct, the accuracy of that testimony. And I see my time is up, Your Honors. If there are no further questions. All right, thank you. Thank you. Thank you. Okay. So just a couple of things I want to say briefly. In terms of the Reeves case, that case remains good law and has been relied on many times since 1991. Is there a difference between the judge in Reeves interrupting counsel and saying you can't make the motion now and with circumstances in this case, which is I'll allow you to make a motion later? In my view, no. I understand that there's room for disagreement there, and I'm not sure I've persuaded you, but I think it's a distinction without a difference. And I think that the trial court, the district court, made its own factual determination that it had pulled a Reeves here. That's what it had done. And that it was not fair to prevent the county from challenging the sufficiency of the evidence based on the district court's own conduct. And in terms of the Rule 50B waiver. Before you get to 50B, what about the counsel's position that the Rule 50A, the purpose of it, is to have the movement specify the areas of the law which are insufficient in the opposed opponent's case so that at that time there may be a supplemental motion to supplement evidence? Right. I don't dispute that that's the general purpose of that rule. But in this case, they didn't identify any other evidence that they would have submitted. They've done so on appeal, but they did not in opposing the Rule 50A motion. So to say that now, I mean, that's when I'm sort of talking about the little bit of gamesmanship aspect of this that I do think is present here. So the district so it seems that what you're suggesting is that in response to what was discussed and then there were jury instructions discussed, so the case was clearly going to the jury, even though there was no motion made, they were supposed to do a proffer to the district court of, by the way, in case they had made a motion, this is the evidence we would have presented? I mean, you're saying that's gamesmanship, that they didn't do that? No, no, no. That's not what I'm saying is gamesmanship. I'm saying some of the arguments on appeal reflect that. I'm not talking about that they were supposed to do that at the time. Although there is actually a treatise that's cited in the reply brief that says that's a good idea. So it's not that it's this sort of mousetrapping, sorry, I'm echoing a lot, of the county here that I don't think. The county was represented by counsel. It's not like the county was pro se. I mean, this is it seems hard to accept that the county was being mousetrapped. Right, but it sort of puts on the onus on lawyers to disobey courts and challenge them and say I'm not going to follow your order. This is what's going to happen, judge. And I can tell you as a practical matter that I work with a lot of lawyers who are in trial all the time, and district court judges are doing this all the time because they need to keep tight control over their courtrooms, keep things at a reasonable clip, and they have so many other things going on. So this is happening routinely. So we would have to read that transcript and interpret it as the district court prevented the county from making. And that's what the district court determined as a factual matter, and that factual finding is entitled to deference. I mean, I'm sympathetic to your position. I know you weren't trial counsel because I know the district court judge, he has a presence. I remember appearing before him when I was in private practice. He has a presence, and you generally listen to what he says. But, I mean, this is one of these fundamental rules in civil procedure and law school. You know, you have to make your JMOL before you file JNOV. I don't think they even use the term JNOV anymore. But you have to do that. You just have to do it, even just get the word out no matter what. So it seems like a fundamental rule that, you know, we've accepted and it's in the text. I do think that there are some exceptions that this court has recognized, and I think that an exception here is appropriate. So if there are no other questions, I'm happy to submit. All right. Thank you. Thank you. Counsel, thank you both for your arguments. Also, thank you for your willingness to have us reschedule argument from tomorrow to today. And this case is submitted. All rise. This court for this session stands adjourned.
judges: BEA, BADE, LEE